UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| AMERICAN TRAIN DISPATCHERS ASSOCIATION, <br> 4239 W. 150th Street <br> Cleveland, OH 44135, <br><br> Petitioner, <br><br> v. <br><br> CSX TRANSPORTATION, INC. <br> 500 Water St. <br> Jacksonville, FL 32202, <br><br> Defendant. | Civil Action No.  1:25-cv-974 |

## ATDA'S PETITION TO ENFORCE PUBLIC LAW BOARD AWARDS UNDER THE RAILWAY LABOR ACT

### INTRODUCTION

1. This is a petition to enforce two public law board ("PLB") arbitration awards under Section 3 First(p) and Second of the Railway Labor Act ("RLA"), 45 U.S.C. § 153 First(p) and Second: Public Law Board No. 7494, Award No. 158 ("Marcovsky Award") and Award No. 153 ("Riley Award"). Said Awards were the result of claims handled by the American Train Dispatchers Association ("ATDA" or "Petitioner"), on behalf of D.O. Marcovsky and L.D. Riley, after they were wrongfully dismissed from service by CSX Transportation, Inc. ("CSXT" or "the Carrier"). A true and correct copy of the Awards are enclosed herewith as Exhibits ("Ex.") A and B.

### JURISDICTION AND VENUE

2. Section 153 First(p) and Second of the RLA empowers federal district courts to make such orders or to enter other judgments as may be appropriate to enforce awards and orders

of National Railroad Adjustment Boards and PLBs (hereinafter referred to collectively as the "Board").

3. Venue properly resides in this Court under the provisions of 45 U.S.C. § 153 First(p) and Second, which permit a petitioner, or any person for whose benefit an order of the Board is made, to seek compliance in a district court in which the petitioner resides or through which the carrier operates.

## PARTIES

4. ATDA is the duly authorized representative for the purposes of the RLA of the crafts or classes of dispatchers employed by CSXT and is a "representative" as defined by Section 1 Sixth of the RLA, 45 U.S.C. § 151 Sixth. Marcovsky and Riley were, at all relevant times, employees of and train dispatchers on CSXT. ATDA is located at 4239 W. 150th Street, Cleveland, Ohio 44135.

5. CSXT is a corporation engaged in interstate transportation by rail and is a "carrier" as defined by the RLA, 45 U.S.C. § 151 First. CSXT has its principal operating office at 500 Water St., Jacksonville, Ohio 32202. CSXT operates through this district.

## COUNT I

6. Petitioner realleges and incorporates paragraphs 1 through 5 as if fully set forth herein.

7. The facts surrounding Marcovsky's claim before the Board are explained in detail in the Marcovsky Award, a true and correct copy of which is attached as Exhibit A.

8. In sum, a dispute arose between the parties while Marcovsky was working as a train dispatcher on December 29, 2022, after he allegedly failed to notify the assistant chief

dispatcher when a train received an emergency brake application, which resulted in him being removed from service and dismissed from employment.

9. A claim was filed on Marcovsky's behalf appealing his dismissal from service. Said claim requested that the discipline be overturned, that he be returned to service and compensated for all lost time and benefits, and that any reference to the incident be removed from his service record. (*Id.*). ATDA progressed said claim in the usual manner permitted by the collective bargaining agreement.

10. Upon failure of the Parties to reach an agreement, the dispute was referred to the Board as provided in Section 3 Second of the RLA, 45 U.S.C. § 153 Second.

11. In sustaining the claim and granting the relief sought by ATDA, the Board concluded that CSXT had failed to establish a violation of Rule 612.1. It therefore found that Marcovsky was "entitled to reinstatement, with compensation for time out of service," and found CSXT was "entitled to offset any outside earnings during [his] time out of service." *Id.* at 5.

12. The Board then ordered CSXT to comply within 30 days of the date of transmission of the Marcovsky Award to the parties.

13. Notwithstanding the mandate of the Award and ATDA's requests, to date, CSXT has refused to pay Marcovsky his lost wages in accordance with the Award.

14. Section 3 First(p) and Second of the RLA, 45 U.S.C. § 153(p) and Second, provides that the findings and order of the Board are conclusive on the parties and are enforceable in this Court when the carrier fails to comply with an award.

## COUNT II

15. Petitioner realleges and incorporates paragraphs 1 through 14 as if fully set forth herein.

16. The facts surrounding L.D. Riley's claim before the Board are explained in detail in the Riley Award, a true and correct copy of which is attached as Exhibit B.

17. In sum, a dispute arose between the parties while Riley was working as a train dispatcher on January 21, 2022, after she allegedly failed to have a plan in place to recrew a train prior to the train crew reaching the Hours of Service, which resulted in her being removed from service and dismissed from employment. (*Id.*).

18. A claim was filed on Ms. Riley's behalf appealing her dismissal from service, requesting that the discipline be overturned, that she be returned to service and compensated for all lost time and benefits, and that any reference to the incident be removed from her service record. (*Id.*). ATDA progressed said claim in the usual manner permitted by the collective bargaining agreement. (*Id.*).

19. Upon failure of the Parties to reach an agreement, the dispute was referred to the Board as provided in Section 3 Second of the RLA, 45 U.S.C. § 153 Second.

20. By award dated November 30, 2023, the Board sustained Ms. Riley's claim and ordered her reinstatement.

21. With regard to the remedy, the Board found:

> We do note that the record indicates that Claimant was not medically qualified to perform service for some portion of the time prior to the hearing, and we hold that she would not be entitled to compensation for that period. We do find, however, that she is entitled to reinstatement, with compensation for time out of service, other than the period described above. The Carrier is entitled to offset any outside earnings during Claimant's time out of service. The Carrier is ordered to make the Award effective on or before 30 days following the date of this Award.

*Id.* at 7.

22. The Board then ordered CSXT to comply within 30 days of the date of transmission of the White Award to the parties.

23. Notwithstanding the mandate of the Award and ATDA's requests, CSXT has refused to pay Ms. Riley her lost wages in accordance with the Award.

24. Section 3 First(p) and Second of the RLA, 45 U.S.C. § 153(p) and Second, provides that the findings and order of the Board are conclusive on the parties and are enforceable in this Court when the carrier fails to comply with an award.

**WHEREFORE,** Petitioner respectfully requests that this Court grant the following relief:

A. Issue declaratory and injunctive relief requiring that CSXT, its officers, agents, and employees, comply with Public Law Board No. 7494 Award Nos. 153 and 158, including the full payment of backpay with interest and the reinstatement of any lost benefits, as ordered by the awards;

B. Award attorneys' fees and costs to ATDA in accordance with 45 U.S.C. § 153 First(p) and Second; and

C. Grant Petitioner such other and further relief, which this Court deems to be just and proper.

Respectfully submitted,

/s/ Erika A. Diehl-Gibbons
Erika A. Diehl-Gibbons
General Counsel
Shawn M. McKinley
Associate General Counsel
ATDA
4239 W. 150th Street
Cleveland, OH 44135
diehl@atda.org, ediehl@smart-union.org
smckinley@smart-union.org